UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, <br><br>                                                                  Plaintiffs, <br><br>                     -against- <br><br> ABAX INCORPORATED, <br><br>                                                                  Defendant. | 17 CV_____ <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

1.      This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

**THE PARTIES**

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7. Upon information and belief, Defendant Abax Incorporated ("Abax") is a corporation incorporated under the laws of the State of New York. At all relevant times, Abax

was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Abax maintains its principal place of business at 51-09 Second Street, Long Island City, New York 11101.

## STATEMENT OF FACTS

8. At all relevant times, Abax was a party to, or otherwise manifested an intention to be bound by, a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

9. The CBA required Abax to make periodic contributions to the Funds for work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

10. The CBA also required Abax to furnish all pertinent books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

11. The Funds conducted an audit of Abax covering the period August 30, 2010 through December 27, 2015 (the "Audit"), which revealed that Abax failed to remit contributions to the Funds in the principal amount of $241,736.00.

12. Abax refused to pay the delinquencies revealed by the Audit.

## THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST ABAX
### (Liability for Delinquent Contributions/Violation of the CBA)

13. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

14. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a

collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

15. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

16. At relevant times, Abax was a party to, or otherwise manifested an intent to be bound by, the CBA.

17. The CBA and the documents and instruments governing the Funds required Abax to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

18. Abax failed to pay the delinquent contributions revealed by the Audit.

19. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, the Funds' Collection Policy, and the documents and instruments governing the Funds, the Funds are entitled to an order finding that Abax is liable to the Funds for (1) all delinquent contributions, liquidated damages, interest, audit costs, and other damages revealed by the Audit or otherwise found to be due and owing during the course of this litigation and (2) all attorneys' fees and costs incurred by the Funds in this action.

**WHEREFORE,** the Funds respectfully request that this Court:

(1) Issue an order on the Funds' First Claim for Relief, finding that Abax is liable to the Funds for (1) all delinquent contributions, liquidated damages, interest, audit costs, and other damages revealed by the Audit or otherwise found to be due and owing during the course of this litigation and (2) all attorneys' fees and costs incurred by the Funds in this action; and

(2)  Award the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 3, 2017

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:  /s/
Todd Dickerson
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*